IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| IN THE MATTER OF<br>JOHN D'ACQUISTO, et al. | :<br>:<br>:<br>:<br>: | 04-mc-196 |

**EXPLANATION AND ORDER**

**ANITA B. BRODY, J.**                                                                 November 21 , 2005

      This matter is before me pursuant to § 27(b) of the Longshore and Harbor Workers Compensation Act ("LHWCA"), 33 U.S.C. § 927(b).  In the underlying administrative action, John D'Acquisto claimed benefits under the LHWCA, and his claim was assigned to Administrative Law Judge Robert D. Kaplan ("ALJ").  After D'Acquisto failed to attend scheduled medical examinations and a deposition, the ALJ granted employer Greenwich Terminal's request to certify facts to this court for appropriate sanctions against D'Acquisto, pursuant to § 27(b).  I ordered the parties to file briefs on whether this Court can look beyond the ALJ's record in the underlying administrative action, and make its own factual findings to determine what, if any, sanctions are appropriate.  After review of the briefs and the law, I find that § 27(b) requires this Court to hear evidence and make factual findings.

      First, the plain statutory language indicates that a District Court considering a request for sanctions under § 27(b) should hold a hearing and make its own factual findings.  Section 27(b) provides that, if a person "disobeys or resists any lawful order or process" in an LWHCA proceeding, the ALJ

> shall certify the facts to the district court having jurisdiction in the place in which he is sitting...which shall thereupon in a summary manner hear the evidence as to the acts complained of, and if the evidence so warrants, punish such person in the same manner

and to the same extent as for a contempt committed before the court.

33 U.S.C. § 927(b).  The statute's inclusion of the phrase "hear the evidence" implies that the Court will conduct an evidentiary hearing.  There is also a clear implication that the Court make its own factual findings, because it would be pointless to require the Court to hear evidence if it had to accept the ALJ's certified facts as its own factual findings.

Second, the Third Circuit has interpreted virtually identical language in the Federal Magistrates Act to require a hearing before the district court.  In Taberer v. Armstrong World Industries, Inc., 954 F.2d 888 (3d Cir. 1992), the court reviewed 28 U.S.C. § 636(e), which granted a federal magistrate the authority to certify facts to the district court for consideration of whether a party's acts before the magistrate constituted contempt.  At the time the Third Circuit decided Taberer, § 636(e) provided that after certification of facts to the district court,

> [a] judge of the district court shall thereupon, in a summary manner, hear the evidence as to the act or conduct complained of and, if it is such to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a judge of the court.

Id. at 902-03, citing 28 U.S.C. § 636(e).[1]  The court found that this statutory language mandated a de novo hearing, which "entails a new proceeding at which the decision is based solely on the evidence freshly presented at the new proceeding."[2]  Id. at 904.  Given the striking similarity in

---

[1] Greenwich Terminals argues that because the provision examined in Taberer has been amended since that decision, the case is not good authority for the proposition that the language of the LWHRA supports a hearing.  This argument is specious because the language of the provision interpreted in Taberer is virtually identical to the language at issue in § 27(b) here, and it is the Third Circuit's interpretation, not the substance of the Federal Magistrates Act, that is central to my holding.

[2] The Third Circuit suggests that the certification of facts "seems designed to serve the function of a charging instrument or pleading for a trial to be held before the district judge." Taberer, 954 F.2d at 903.

the statutory language at issue, <u>Taberer</u> is persuasive authority for the interpretation of the statutory language of § 27(b).

In light of the plain language of § 27(b) of the LHWCA, the Third Circuit's reasoning in <u>Taberer</u>, and the lack of any authority to the contrary, I conclude that § 27(b) requires me to conduct an evidentiary hearing and make my own factual findings as to D'Acquisto's alleged contempt before the ALJ.

## **ORDER**

**AND NOW**, this ____21st____ day of November 2005, it is hereby **ORDERED** that a hearing in this matter will be held on Wednesday, **December 28, 2005** at 9:30 a.m. in courtroom 7-B on the 7th floor.

S/Anita B. Brody

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:      Copies **MAILED** on _____ to:

O:\ABB\D'Acquisto hearing order.wpd